“Plaintiff, a retired GS-5 employee of the United States Coast Guard, alleges that as a result of certain racially discriminatory actions on the part of the Department of Transportation he was denied promotions and, after he instituted complaint, purposely transferred and promoted into a jo'b he was physically unable to perform. Plaintiff seeks back pay for various periods beginning in 1961 and reinstatement in a GS-9 position.
“Plaintiff’s claim for back pay for positions to which he was never promoted is based upon alleged racial discrimination against him during his employment. The court concludes that in view of the decisions of the Supreme Court in United States v. Testan, 424 U.S. 392 (1976), and Brown v. General Services Administration, 425 U.S. 820 (1976), it is without jurisdiction to consider claims for promotion based on racial discrimination. Allison v. United States, 211 Ct. Cl. 332 (1976); Morton v. United States, ante at 549. It is clear from the decision in Brown, supra, that any jurisdiction this court may have had over back pay claims based on racial discrimination has been divested by the Equal Employment Opportunity Act of 1972. We are not unmindful of the fact that *591 plaintiff does not qualify for redress under the 1972 Act. Clark v. Goode, 499 F. 2d 130 (4th Cir. 1974). However, the Supreme Court has indicated that we have never had jurisdiction to give a judgment for back pay based on positions which the claimant has never held but from which he was barred by racial discrimination. United States v. Testan, supra. Therefore,
“it is ordered that defendant’s motion for summary judgment be and is hereby granted and that the petition be and is hereby dismissed.”
Plaintiff’s petition for ceriorari was denied October 3, 1977.