78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert BUNCH, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5113.
 United States Court of Appeals, Federal Circuit.
 Feb. 21, 1996.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Robert Bunch appeals the decision of the United States Court of Federal Claims[1] dismissing his complaint for lack of justiciability. We affirm.
 
 
 2
 Mr. Bunch was a colonel in the United States Army who was not selected for promotion to General Officer before he reached the age of 55. As a consequence he was forced to retire when he reached that age, pursuant to Army regulations. Mr. Bunch alleges that racial animus motivated several unfavorable remarks in his military record, resulting in his non-selection for assignments that would further his career and, ultimately, leading to his non-selection for promotion to General Officer.
 
 
 3
 Mr. Bunch applied to the Army Board for Correction of Military Records, requesting that the unfavorable references be expunged and that he be reinstated and given the rank of General Officer. When the board refused to provide the relief requested, Mr. Bunch appealed to the Court of Federal Claims. The court determined that it had jurisdiction of the subject matter, but dismissed the action as nonjusticiable since it requested judicial determination that Mr. Bunch should have been promoted. The court observed that the promotion of officers in the armed services is a matter of military judgment which the courts have neither the expertise nor the authority to supervise, citing Orloff v. Willoughby, 345 U.S. 83 (1953), and Murphy v. United States, 993 F.2d 871 (Fed.Cir.1993).
 
 
 4
 We agree with the Court of Federal Claims that it lacks authority to instruct the board to reinstate Mr. Bunch at the rank of General Officer, for Murphy clearly prohibits that action. Nor could the court reinstate Mr. Bunch at the rank of Colonel, in violation of the Army regulations prohibiting persons over the age of 55 from holding that rank.
 
 
 5
 On this appeal Mr. Bunch requested, as alternative relief, that the Court of Federal Claims be instructed to evaluate his discrimination claim and, if indicated, order the board to correct his military record and resubmit the corrected record for consideration by another selection board. In this way, Mr. Bunch argues, the court and the board would not be making the nonjusticiable determination of whether Mr. Bunch should have been promoted, but would only be eliminating those parts of his record tainted by bigotry, leaving to the selection board the decision of whether he should be promoted. This argument was advanced, and rejected, in Murphy, the Federal Circuit holding that the Court of Federal Claims is without authority to afford such relief. See Murphy, 993 F.2d at 873 ("[T]he possibility of erroneous records does not transform an otherwise nonjusticiable action into a reviewable one.")
 
 
 6
 Mr. Bunch also requests that we transfer his case to a district court under 28 U.S.C. § 1631, so that he may pursue his Title VII claims. See 28 U.S.C. § 1343 (district courts have original jurisdiction over civil rights disputes); J & L Janitorial Services, Inc. v. United States, 231 Ct.Cl. 837 (1982) (racial discrimination claim must be brought in district court). There is widespread agreement, however, among circuit and district courts that Title VII protections do not apply to uniformed military personnel in active service. E.g., Gonzalez v. Department of the Army, 718 F.2d 926, 928 (9th Cir.1983). Under these circumstances a transfer is likely to be futile, and thus not "in the interest of justice" as § 1631 requires. We therefore deny Mr. Bunch's request that his case be transferred.
 
 
 7
 The decision of the Court of Federal Claims must be affirmed.
 
 
 
 [1]
 Bunch v. United States, No. 60-89C (Fed.Cl. May 1, 1995)