**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY DOYLE YOUNG,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 05-1120
(D.C. No. 04-RB-589 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

    Plaintiff-Appellant Timothy Doyle Young, a federal prisoner appearing pro se, appeals from the district court's dismissal of his Federal Torts Claim Act ("FTCA") claims seeking recovery for property losses he incurred while incarcerated and various alleged constitutional violations. He also seeks injunctive relief. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Young is incarcerated at the United States Penitentiary in Florence, Colorado. In October 2003, he was transferred to administrative detention and the personal property in his cell was detained by prison officials. After being released from administrative detention, Mr. Young's property was returned to him with several items missing.[1] Mr. Young initially filed an Administrative Tort Claim, which was denied. He then filed a complaint in the district court under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. R. Doc. 3 at 3. The district court held that Mr. Young's claim was not properly raised under Bivens and ordered him to file an amended complaint. R. Doc. 7. In his amended complaint, Mr. Young asserted jurisdiction under the FTCA again seeking recovery for the property loss and alleging violations of the Fourth, Eighth, and Fourteenth Amendments based on an alleged pattern of harassment by prison officials. R. Doc. 10.

The government moved to dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. R. Doc. 23. Upon review, the magistrate judge recommended the case be dismissed concluding: (1) 28 U.S.C. § 2680(c) precludes property loss claims under the FTCA, and (2) Mr. Young had failed to exhaust his administrative remedies regarding the additional constitutional claims.

---

[1]The missing items were a prayer rug, three pairs of tube socks, a religious book, Redwood snuff, Mrs. Dash seasoning, two coffee creamers, and a container of clorpheniramine, with a total value of $53.25. R. Doc. 3 at 4A.

The district court agreed, adopted the magistrate judge's recommendation, and dismissed the case with prejudice.  R. Doc. 59.

We review the district court's dismissal of the property claim based on 28 U.S.C. § 2680(c) de novo.  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1213 (10th Cir. 2003).  The government's tort liability under the FTCA is subject to the exceptions listed in 28 U.S.C. § 2680.  Section 2680(c) specifically provides that the government is not liable for losses resulting from "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."  28 U.S.C. § 2680(c).  In Steele we addressed identical facts as those presented here and held that prison employees are law enforcement officers for purposes of § 2680(c).  355 F.3d at 1213.  Thus, the district court was correct in dismissing the property loss claim for lack of subject matter jurisdiction.  Id.

The district court dismissed the remaining claims based on Mr. Young's failure to exhaust administrative remedies.  We review the district court's finding of failure to exhaust de novo.  Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1138 (10th Cir. 2005).  The Prison Litigation Reform Act mandates that prisoners challenging prison conditions under any federal law must exhaust available administrative remedies before filing suit in federal district court.  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002).  Where a prisoner

fails to pursue his administrative remedies, the district court must dismiss the claim. Steele, 355 F.3d at 1211. Mr. Young's remaining claims assert constitutional challenges based on an alleged pattern of harassment by prison officials. However, he has failed to provide any evidence that he raised these arguments in the administrative grievance process. See Fitzgerald, 403 F.3d at 1139 ("exhaustion [is] a pleading burden that falls on the plaintiff"). Mr. Young asserts he raised these issues in his administrative tort grievance concerning the property loss, but as the district court held, nothing in Mr. Young's tort grievance alerted the agency to the broader complaints he is now raising. Ross v. County of Bernalillo, 365 F.3d 1181, 1188 (10th Cir. 2004).

As stated above, the district court dismissed these claims with prejudice under Fed. R. Civ. P. 12(b)(1). Failure to exhaust administrative remedies does not deprive the district court of subject matter jurisdiction. Fitzgerald, 403 F.3d at 1138-39. Rather, this deficiency is more akin to failure to state a claim upon which relief can be granted and thus should generally be addressed under Fed. R. Civ. P. 12(b)(6). Steele, 355 F.3d at 1212-13. Further, we have held that dismissal for failure to exhaust should generally be without prejudice. Id. Therefore, while we AFFIRM the district court's dismissal, those claims being dismissed for failure to exhaust administrative remedies are dismissed without

prejudice.[2]  Mr. Young's motion to proceed on appeal without prepayment of fees is GRANTED, and we remind him that he is obligated to make partial payments to this court until the entire appellate filing fee is paid in accordance with 28 U.S.C. § 1915(b).  All other pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2]We express no opinion as to the timeliness of any subsequent filings.

05-1120 *Young v. United States*
**O'BRIEN**, Circuit Judge, dissenting.

I dissent. The law is clearly contrary to Young's arguments. He failed in the district court to state a claim upon which relief could be granted, even after having been given an opportunity to amend his complaint. Young sued the United States under the Federal Tort Claim Act (FTCA) for lost property and continuous harassment of him (administrative detentions and cell searches) by corrections officials. He also asserted claims against the United States for violation of his Fourth, Eighth, and Fourteenth amendment rights. The magistrate judge recommend dismissal of his FTCA property claims because 28 U.S.C. §2680(c) bars them and dismissal of the FTCA harassments claims because his tort claim, which made property claims, utterly failed to include harassment claims, a jurisdictional prerequisite. His constitutional claims were dismissed because they are not cognizable under the FTCA, *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994), and because the United States has not waived its sovereign immunity under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Young sought to again amend[1] to assert claims against individual custodial officers. His request was denied as futile because he had not exhausted his administrative remedies against those actors as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The recommendations of the

---

[1] The matter was before the court on Young's amended complaint.

magistrate judge's were adopted by the district court and the case was dismissed with prejudice. The majority concludes, and I agree, that the legal analysis was entirely correct. The majority points out that a dismissal for failure to exhaust administrative remedies should be without prejudice, but that principle has not been, and should not be, extended to unexhausted claims against non-parties.

This is obviously a frivolous appeal. As such, dismissal is required. 28 U.S.C. § 1915(e)(2)(B)(ii). Not only is it frivolous, it is offensive. Young occupied much time and effort in the district court pursuing claims for which relief could not be granted, all of which involved property valued at less than $55.00 and unexhausted confinement complaints—precisely the kind of minutia that spurred Congress to enact remedial measures in an <u>attempt</u>, hereby frustrated, to curb frivolous prisoner litigation. Young continues his abuse of the system; in pursuing this appeal he merely chants his mantra of mistreatment without offering any meaningful argument as to how the district court erred. This case cries out for dismissal and imposition of a frivolous filing strike.

Another, similar, issue compounds the error. The district court denied leave to proceed on appeal *in forma pauperis*, concluding the appeal could not be taken in good faith and stating in writing that Young has not shown the existence of a reasoned, non-frivolous argument on the laws and facts. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. I agree with the district judge. Full payment of

the filing fee should have been required before we addressed this appeal in any

fashion.