NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-5063

REGINALD HILL,

Plaintiff-Appellant,

v.

UNITED STATES ,

Defendant-Appellee.

_____

DECIDED: October 4, 2006

_____

Before NEWMAN, MAYER, and LINN, Circuit Judges.

PER CURIAM.

Reginald Hill ("Hill") appeals a final decision of the United States Court of Federal Claims ("Court of Federal Claims"), Hill v. United States, No. 05-1130C (Fed. Cl. Dec. 29, 2005) ("Opinion and Order"), dismissing for lack of subject matter jurisdiction Hill's claims for violations of due process and equal protection, gender discrimination in violation of Title VII, negligent and reckless supervision and retention of court employees, violations of the Florida Civil Rights Act, and violations of the Back Pay Act. Because the Court of Federal Claims correctly determined that it lacked subject matter jurisdiction, we affirm.

BACKGROUND

According to Hill's Complaint, Hill was employed as an Operations Clerk at the United States District Court for the Southern District of Florida from June 1997 to August 2003. Opinion and Order, slip op. at 1. Hill was promoted to Courtroom Deputy Clerk in August or September 2003, but was soon "reassigned" to his former position by the Chief Deputy Clerk, who cited Hill's "failure to complete required training for the Courtroom Deputy position," "insubordination," and "inappropriate conduct." Id., slip op. at 1–2. Hill was placed on unpaid leave in December 2003 and terminated in August 2004. Id., slip op. at 2.

Hill then sued the United States in the Court of Federal Claims, alleging that his demotion, suspension, and termination were retaliation for his complaints about a hostile work environment and resulted from negligent and/or reckless retention and supervision of employees to whom Hill was subordinate. Id. Hill asserts these claims as torts and as claims under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992, and the Back Pay Act. Id.

On November 18, 2005, the United States filed a motion to dismiss Hill's complaint for lack of subject matter jurisdiction. Id. In response, Hill filed a motion to transfer to an appropriate federal district court any claims over which the Court of Federal Claims lacks jurisdiction. Id.

The Court of Federal Claims granted the United States' motion, denied Hill's motion, and dismissed the case. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

As the Court of Federal Claims correctly observed, none of Hill's claims fall within that court's limited jurisdiction. The Tucker Act, the only source of jurisdiction here relevant, is specifically limited to "cases not sounding in tort," thereby precluding the exercise of jurisdiction over Hill's tort claims. See 28 U.S.C. § 1491(a)(1). Likewise, his Title VII claims are barred because Title VII itself grants exclusive jurisdiction over gender discrimination claims to the United States district courts. See Clark v. United States, 553 F.2d 104, 104 (Ct. Cl. 1977).

The remaining claims all fail because "the Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages" against the United States. Fisher v. United States, 402 F.3d 1162, 1172 (Fed. Cir. 2005) (en banc). State statutes, such as the Florida Civil Rights Act, do not create such a right. See United States v. Mitchell, 463 U.S. 206, 216 (1983); Buffalo Nat'l Bank v. United States, 26 Cl. Ct. 1436, 1443 (1992). Neither do the Due Process or Equal Protection Clauses. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor, in this case, does the Back Pay Act, because the Civil Service Reform Act, 5 U.S.C. §§ 7501–7543, specifically denies Back Pay Act relief in the Court of Federal Claims to "excepted service" employees such as Hill. United States v. Fausto, 484 U.S. 439, 455 (1988).

For these reasons, we conclude that the Court of Federal Claims properly dismissed Hill's action for lack of subject matter jurisdiction. Because we also discern

no abuse of discretion in the court's decision not to transfer Hill's case to a district court, the judgment is affirmed.