Timothy Doyle **YOUNG**, Plaintiff,

v.

**UNITED STATES**, Defendant.

No. 09–182C.

United States Court of Federal Claims.

July 31, 2009.

Timothy Doyle Young, Florence, CO, pro se.

Scott A. MacGriff, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch.

## OPINION

HORN, Judge.

The case currently before the court was filed by Timothy Doyle Young, a *pro se* plaintiff and a prisoner in the Colorado federal super-maximum prison. Plaintiff also has filed a request to proceed *in forma pauperis*. The plaintiff's complaint seeks $25 million in damages, and "immediate protection from" the Bureau of Prisons (hereafter, BOP) and certain BOP personnel. The complaint alleges that:

> The United States, Dept. of Justice, Dept. of Homeland Security, Fed. Bureau of Prisons, Administrative Office of the U.S. Courts, etc., have revoked the U.S. Constitution, Federal Statutes, U.S. Supreme Court decisions, F.R.Civ.P., F.R.A.P., Habeas Corpus, the Colorado State Constitution and laws, causing damage and cruel and unusual punishment because of: A) judicial misconduct; B) Tenth Circuit misconduct; C) Separation of Powers violations; D) Known Inadequate Remedies; E) Constitutional laws and the Absence of laws; F) Local Rules and Practice; G) failure to train, supervise, and/or protect.

Among a series of accusations against federal judges and government officials, Mr. Young alleges that a magistrate judge and several United States Federal District Court judges have "falsified court documents, withheld service of process after IFP [*in forma pauperis*] was granted, made and/or withheld rulings because extensive *ex parte* contacts with defendants, etc." Mr. Young also alleges that he submitted judicial complaints to the United States Court of Appeals for the Tenth Circuit and United States District Court for the District of Colorado which were not processed or filed. In a separation of powers allegation, he maintains that only his prison unit was treated differently regarding access to inmate account statements as a result of *ex parte* contacts by the United States District Court in Denver, Colorado. He complains that "The Judicial Conduct Act" has "in effect, erecting [sic] a 21st century Mason–Dixon line" in violation of "Article I, section 8, clause 9 (Inferior Courts) Versus Article III."

As for "known inadequate remedies," among others, Mr. Young lists "The Finality Clause of the Judicial Conduct Act," "the DOJ–BOP grievance procedure," and "the postdeprivation [sic] tort remedy." He also lists a plethora of laws he views as unconstitutional, as well as violations of the United Stated Constitution by the United States District Court in Denver, Colorado. Mr. Young further argues that "several cases that I have filed since 2005 have been dismissed because of First Amendment retaliation by 2 dirty cops...."

Mr. Young's assertions of official misconduct on the part of federal officials, including BOP officials and federal judges between 2007 and 2009, are further set forth and repeated in an affidavit and exhibits he appended to his complaint and include, among others, the following allegations: 1) that he has been denied certified inmate account statements; 2) that the BOP improperly changed the procedure for obtaining inmate account statements; 3) that the United States District Court for the District of Colorado and the BOP have engaged in improper *ex parte* contacts, which have resulted in the dismissal of several of Mr. Young's court cases; 4) that federal judges have improperly withheld some of Mr. Young's various filings from the record; 5) that one or more officials filed false statements with the federal court; 6) that the federal court has defrauded Mr. Young of his filing fees by issuing an order of dismissal and mailing that order to him; 7) that the United States Court of Appeals for the Tenth Circuit improperly upheld judgments and improperly withheld judgments on Mr. Young's motions; 8) that Mr. Young has been retaliated against for exercising his right to access the courts and to file grievances by being subjected to improper "shakedowns," loss of privileges and the filing of improper prison incident reports; 9) that the United States District Court for the District of Colorado improperly dismissed several of Mr. Young's cases pursuant to 28 U.S.C. § 1915A(b)(1) (2006), and caused Mr. Young to be subject to the "three strikes rule," found in the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2006); and 10) that a federal judge from the United States District Court for the District of Colorado refused to recuse herself in one of Mr. Young's cases in which that judge was a named defendant.

■ The court notes that when determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed. Cl. 249, 253 (2007).

The government has filed a motion to dismiss the complaint in this case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), alleging that the court lacks subject matter jurisdiction to hear the plaintiff's claims. The government further asserts that if the court determines that it lacks subject matter jurisdiction, the court should refuse to transfer any of the plaintiff's claims to the United States District Court for the District of Colorado, because, according to the defendant, "a transfer would not be in the interest of justice, given Mr. Young's history of abusive litigation."

■ "Subject matter jurisdiction may be challenged at any time by the parties, or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004), *reh'g and reh'g en banc denied* (Fed.Cir.), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); *see also Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008); *Fanning,*

*Phillips, Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States,* 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (Fed.Cir.1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.,* 933 F.2d 996, 998 n. 1 (Fed.Cir.1991); *North Star Alaska Hous. Corp. v. United States,* 76 Fed.Cl. 158, 185, *appeal dismissed,* 226 Fed.Appx. 1004 (2007). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed. Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990)); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

█ Pursuant to Rule 8(a) of the United States Court of Federal Claims (RCFC) and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2); Fed.R.Civ.P. 8(a)(1), (2) *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir.1997); *see also Edelmann v. United States,* 76 Fed.Cl. 376, 379 (2007). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir. 1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed.Cir.2007) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed.2004)); *Briscoe v. LaHue,* 663 F.2d 713, 723 (7th Cir.1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), *aff'd,* 460

U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

█ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed.Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir.1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir.2000).

█ The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on Federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114; *Greenlee County, Ariz. v. United States,* 487 F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir.2007), *cert. denied,* — U.S. —, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008);

*Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), *aff'd,* 79 F.3d 136 (Fed.Cir.1996).

 "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343 ("[P]laintiff must ... indentify a substantive source of law that creates the right to recovery of money damages against the United States."). To prove that a statute or regulation is money mandating, plaintiff must demonstrate that an independent source of substantive law relied upon "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell,* 463 U.S. at 217, 103 S.Ct. 2961 (quoting *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948 and *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009); *see also Hamlet v. United States,* 63 F.3d 1097, 1107 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.1995), *cert. denied,* 517 U.S. 1155, 116 S.Ct. 1542, 134 L.Ed.2d 646 (1996). "Additionally, the specific authority granting money relief must be distinct from the Tucker Act itself." *Cottrell v. United States,* 42 Fed.Cl. 144, 152 (1998). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States,* 402 F.3d 1167, 1173 (Fed.Cir. 2005); *see also Doe v. United States,* 74 Fed.Cl. 794, 796 (2006).

The plaintiff's complaint contains, among others, numerous broad allegations related to asserted violations of the constitutional doctrines of separation of powers, due process, the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and the rights of the United States Supreme Court to prescribe rules of practice and procedure, as well as a claim regarding the inadequacy of the Judicial Conduct Act and provisions of the Prison Litigation Reform Act as in violation of Amendments to the United States Constitution. None of these claims meets the court's jurisdictional requirement, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), that the statute, regulation or constitutional provision under which the plaintiff brings his claim is "money mandating."

 In *Crocker v. United States,* the United States Court of Appeals for the Federal Circuit wrote: "The Court of Federal Claims correctly concluded that it does not have jurisdiction to hear [plaintiff's] due process ... claims under the Fifth Amendment to the United States Constitution." *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed. Cir.1997); *see also In re United States,* 463 F.3d 1328, 1335 n. 5 (Fed.Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for the jurisdiction under the Tucker Act."), *reh'g and reh'g en banc denied* (Fed.Cir.2006), *cert. denied sub nom. Scholl v. United States,* —— U.S. ——, 128 S.Ct. 50, 169 L.Ed.2d 243 (2007); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding that claims under the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, and the doctrine of Separation of Powers do not invoke United States Court of Federal Claims' jurisdiction because "they do not mandate payment of money by the government."); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed.Cir.1995); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir. 1988) (finding that the due process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987) (noting that the Fifth Amendment's Due Process Clause does not include language mandating the payment of money damages); *McCullough v. United States,* 76 Fed.Cl. 1, 4 (2006) ("[N]either the Fifth Amendment Due Process Clause ... nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court

because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."), *appeal dismissed,* 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007). Therefore, to the extent that plaintiff raises allegations of a due process claim under the Fifth Amendment to the Constitution, no cause of action can be brought in this court.

Furthermore, the Court of Federal Claims lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law. *See Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws."). Exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 (2000); *see also McCullough v. United States,* 76 Fed.Cl. at 5; *Hanes v. United States,* 44 Fed.Cl. 441, 449 (1999); *Blassingame v. United States,* 33 Fed.Cl. 504, 505, *aff'd,* 73 F.3d 379, 1995 WL 723910 (Fed.Cir.1995), *cert. denied,* 517 U.S. 1237, 116 S.Ct. 1885, 135 L.Ed.2d 179 (1996); *Lee v. United States,* 33 Fed.Cl. 374, 379 (1995); *Bunch v. United States,* 33 Fed.Cl. 337, 341 (1995), *aff'd,* 78 F.3d 605, 1996 WL 75278 (Fed.Cir.1996); *Sanders v. United States,* 32 Fed.Cl. 573, 576 (1995); *Rogers v. United States,* 14 Cl.Ct. 39, 50 (1987), *aff'd,* 861 F.2d 729, 1988 WL 99131 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989). With the exception of the takings clause of the Fifth Amendment, the other Amendments do not require the United States to pay money for their alleged violation, thus the Court of Federal Claims does not have jurisdiction over claims based upon alleged violations of the civil rights laws. *See Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981); *Clark v. United States,* 212 Ct.Cl. 590, 1977 WL 25822 (table), *cert. denied,* 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 101, *reh'g denied,* 434 U.S. 943, 98 S.Ct. 440, 54 L.Ed.2d 305 (1977). Therefore, with regard to any of plaintiff's allegations in which he may have raised a claim of civil rights violations, this court also does not have jurisdiction.

Finally, plaintiff also fails to allege any claims which even minimally suggest that a taking in violation of the Fifth Amendment to the United States Constitution has occurred. Moreover, The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States,* 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d at 1343; *Alves v. United States,* 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir.1997); *Golden Pacific Bancorp v. United States,* 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied,* 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *McCullough v. United States,* 76 Fed.Cl. at 3 (2006); *Agee v. United States,* 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States,* 71 Fed.Cl. 732, 739, *aff'd,* 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed.Cir.2006). Similarly, to the extent that plaintiff is alleging criminal behavior on the part of federal employees, no jurisdiction resides in this court. This court lacks jurisdiction to adjudicate those criminal claims. *See Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *see also McCullough v. United States,* 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Therefore, plaintiff's claim of misconduct by federal officials, including prison officials and federal judges of various federal courts, may not be heard in this court.

Additionally, plaintiff's response to defendant's motion to dismiss cites to the Privacy Act, 5 U.S.C. § 552 (2006), asserting that it is a "money mandating statute." The Privacy Act, however, is not money mandating. *See, e.g., Stephanatos v. United States,* 81 Fed.Cl. 440, 444–45 (2008). In addition, the United States Court of Federal Claims "does not have jurisdiction to review the decisions of district courts" relating to proceedings before those courts. *Id.; see also Vereda, Ltda. v. United States,* 271 F.3d 1367, 1375 (Fed.Cir.2001); *Matthews v. United States,* 72 Fed.Cl. 274, 282 (2006). Nor does this

court have jurisdiction to adjudicate any claims under the Federal Criminal Code. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994).

In the case currently before this court, the plaintiff has petitioned the court to proceed *in forma pauperis*. Plaintiff's application to proceed *in forma pauperis* states the nature of his action as "Damages, Takings, Deliberate Indifference, Affirmative Misconduct, Cruel and Unusual Punishment, Privacy Act, Tort." As is discussed below, however, plaintiff is barred from filing further actions similar to the many actions previously filed and deemed frivolous by federal courts and, therefore, his application to proceed *in forma pauperis* in this case also has failed.

■■■ Section 1915(g) of the Prison Litigation Reform Act was enacted to discourage frivolous lawsuits, and is known as the "three strikes rule." The statute denies *in forma pauperis* status to repetitive complainants, as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2006); *see also Dudley v. United States*, 61 Fed.Cl. 685, 686 (2004); *McLean v. United States*, 566 F.3d 391, 394 (4th Cir.2009); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir.2009).

Moreover, 28 U.S.C.1915(e)(2)(B)(i) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(B) the action or appeal—

(i) is frivolous or malicious.

(ii) fails to state a claim on which relief may be granted

(iii) seeks monetary relief against a defendant who is immune from such relief.

■■■ Mr. Young has filed over 60 separate federal court cases across the country, in the United States Courts of Appeals for the Second, Ninth, Tenth and District of Columbia Circuits, the United States District Courts for the Northern District of California, the Central District of California, the District of Colorado, the District of Columbia District Court, the Northern District of Illinois and the Eastern District of New York. Many of these lawsuits are based on the same or virtually similar underlying facts.

Even since the filing of the current case on March 23, 2009, plaintiff has filed twelve separate additional claims: (1) on March 31, 2009, in the United States District Court for the Northern District of Illinois; (2) on May 22, 2009, in the United States District Court for the District of Colorado; (3) on June 2, 2009, in the United States District Court for the District of Colorado; (4) on June 22, 2009, in the United States District Court for the District of Colorado; (5) on July 2, 2009, in the United States Court of Appeals for the Tenth Circuit; (6) on July 6, 2009, in the United States Supreme Court; (7), (8), (9), three cases filed on July 22, 2009, in the United States Court of Appeals for the Tenth Circuit; (10) on July 24, 2009 in the United States Court of Appeals for the Tenth Circuit; (11) on July 28, 2009 in the Northern District of California; and (12) on July 29, 2009, in the United States District for the District of Colorado. *Young v. United States, et al.*, No. 09–cv–0197 (N.D. Ill. filed Mar. 31, 2009); *Young v. BOP, et al.*, No. 09–cv–0116 (D. Colo. filed May 22, 2009); *Young v. BOP*, No. 09–cv–0127 (D. Colo. filed June 2, 2009); *Young v. BOP*, No. 09–cv–01456 (D. Colo. filed June 22, 2009); *Young v. BOP, et al.*, No. 09–1288 (D. Colo. filed July 2, 2009); *Young v. DOJ*, No. 09–5099 (U.S. filed July 6, 2009); *Young v. United States*, No. 09–1318 (D. Colo. filed July 22, 2009); *Young v. United States*, No. 09–1316 (D. Colo. filed July 22, 2009); *Young v. United States*, No. 09–1317 (D. Colo. filed July 22, 2009); *Young v. BOP*, No. 09–1320 (D. Colo. filed July 24, 2009); *Young v. United States*, No. 09–03473 (N.D. Cal. filed July 28, 2009); *Young v.*

*BOP*, No. 09–01788 (D. Colo. filed July 29, 2009). The plaintiff continues to inundate the courts of the United States with his repetitive filings without waiting for a response from the courts. Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the Prison Litigation Reform Act, 28 U.S.C. § 1915.[1]

For the purposes of the application of 28 U.S.C.1915(g), as noted by the defendant, at least three of Mr. Young's case filings, which were factually related to the claims currently before the court, were dismissed within the last year due to their "frivolous" and "malicious" nature, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2006) or 28 U.S.C. § 1915A(a) and (b) (2006).[2] *Young v. No. Named Defendant*, No. 08–cv–00413–ZLW, slip op. at 2 (D.Colo. Aug. 20, 2008) (denying plaintiff's motion and affidavit for leave to proceed on appeal because plaintiff, "on three or more occasions, ha[d] brought an action that was dismissed on the grounds that it is frivolous or fails to state a claim upon which relief can be granted." (citing *Young v. United States*, No. 08–cv–00049 (N.D.Cal. Jan. 17, 2008) (dismissed as duplicative under section 1915A)); *Young v. United States*, No. 08–cv–00226–BNB, 2008 WL 1765652, at *2 (D.Colo. Apr.6, 2008) (noting Mr. Young's requests for relief were "more examples of the abusive filings that the Plaintiff has filed in this Court and other federal courts"); *Young v. BOP*, No. 08–cv–00182–BNB, 2008 WL 582176, at *1 (D.Colo. Mar.3, 2008) (dismissing plaintiff's suit pursuant to 28 § U.S.C. 1915(e)(2)(B)(i)) as "frivolous and malicious"); *Young v. United States*, No. 04–cv–00589–REB–PAC (D.Colo. Feb. 14, 2004) (dismissed for failure to state a claim), *aff'd*, 148 Fed. Appx. 681 (10th Cir.2005); *Young v. McCrea*, No. 95–cv–01578–HO (D.Or. Nov. 21, 1995) (dismissed as frivolous); *Young v. Lane County Jail*, No. 95–cv–01577–ST (D.Or. Nov. 3, 1995) (dismissed as frivolous). This is but a tiny sampling of similar dismissals issued in the cases brought by Mr. Young in numerous federal courts.

■ In enacting the *in forma pauperis* statute, 28 U.S.C. § 1915, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 32–33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see also McCullough v. United States*, 76 Fed.Cl. at 3. Accordingly, Congress included a provision, which allows courts to dismiss suits determined to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has found that "a court may dismiss a claim as factually frivolous if the facts alleged are 'clearly baseless'... a category encompassing allegations that are 'fanciful'... 'fantastic'... and 'delusional....'" *Denton v. Hernandez*, 504 U.S. at 32–33, 112 S.Ct. 1728 (internal citations omitted); *see also McCullough v. United States*, 76 Fed.Cl. at 3; *Schagene v. United States*, 37 Fed.Cl. 661, 663 (1997), *appeal dismissed*, 152 F.3d 947, 1998 WL 187786 (Fed.Cir.1998). Although courts should exercise caution in dismissing a case under section 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous, as stated by the Supreme Court, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational

---

1. Furthermore, since filing his complaint in this court, plaintiff has submitted to this court 108 exhibits that the Clerk's Office has not docketed due to plaintiff's failure to follow the procedural rules of this court. Regardless, the court has reviewed the exhibits and none of these submissions cure the jurisdictional defects which remain.

2. Sections 1915A(a) and (b) at 28 U.S.C. provide:
 **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer of employee of a government entity.
 **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
 (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.
 28 U.S.C. § 1915A(a) and (b).

or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. at 33, 112 S.Ct. 1728.

Even when liberally construed, plaintiff's claims currently before the court are duplicative, frivolous, without merit, and jurisdictionally defective. As discussed above, Mr. Young is subject to the "three strikes rule," and remains barred from filing further *in forma pauperis* petitions with this or any other federal court. Thus, due to the frivolous nature of plaintiff's claims, not only will the court dismiss the current case before the court, but also will not transfer this case to another federal court, even one where subject matter jurisdiction may be properly alleged, given the frivolous nature of plaintiff's claims. In a proper case, the transfer statute, 28 U.S.C. § 1631 (2006), requires that particular conditions be met for a case to be transferred to another court:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is *in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). Accordingly, to satisfy the statutory requirements to transfer a case: 1) the transferor court must lack jurisdiction; 2) the transfer must be in the interest of justice; and 3) the transferee court must be one in which the action could have been brought at the time the claim was filed. *See, e.g., Rodriguez v. United States,* 862 F.2d 1558, 1559–60 (Fed. Cir.1988); *McGrath v. United States,* 85 Fed. Cl. 769, 773 (2009); *Skillo v. United States,* 68 Fed.Cl. 734, 744 (2005). If a claim is determined to be frivolous, it is not in the interest of justice to transfer the case to

another court. *See Galloway Farms, Inc. v. United States,* 834 F.2d 998, 1000–01 (Fed. Cir.1987); *McCullough v. United States,* 76 Fed.Cl. at 5 ("[T]ransfer of plaintiff's claim would not be in the interest of justice because the claim is factually frivolous.") In *Galloway,* the United States Court of Appeals for the Federal Circuit held that:

> The phrase "if it is in the interest of justice" relates to claims which are non-frivolous and as such should be omitted on the merits. Frivolous claims include "spurious and specious arguments" and "distortion and disregard of the record and opposing authorities, [which] indicate plainly that the present appeal does not rest on the razor's edge of frivolity, but calls clearly on the side of the frivolous." Other circuits have succinctly defined frivolous claims or appeals as those which involve "legal points not arguable on their merits," or those whose disposition is obvious. In the language of the courts, frivolity does not imply levity, and is not inconsistent with a litigant's belief that he has been wronged and ought to have a remedy.

*Galloway Farms, Inc. v. United States,* 834 F.2d at 1000–01 (citations omitted).

In the instant case, the plaintiff has asserted claims that he previously has asserted, numerous times, in numerous other federal courts and that previously have been dismissed for their "abusive," "malicious," and "frivolous" nature. Moreover, pursuant to the "three strikes rule," Mr. Young has been barred from filing any more prisoner complaints *in forma pauperis* without first establishing a threat of imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g). *See, e.g., Young v. Wiley,* No. 09–cv–00481–BNB at 2 (D.Colo. Apr. 3, 2009). With the complaint currently before the court, Mr. Young has filed yet another frivolous claim and has not established imminent danger of serious physical harm, pursuant to 28 U.S.C. § 1915(g). Therefore, the complaint must be dismissed and a transfer of this case to another court is not in the interest of justice, and will not be granted.

## CONCLUSION

Mr. Young's complaint runs afoul of the three strikes rule, is frivolous, and this court

is without jurisdiction to address the allegations contained therein. The complaint, therefore, is **DISMISSED,** with prejudice. Nor will the court transfer this case to another court. The Clerk of the Court shall enter **JUDGMENT** consistent with this opinion. Moreover, the Clerk's Office is directed to screen further filings from this plaintiff and accept no future filings from the plaintiff which repeat requests for relief on any of the issues raised in this court and in prior federal courts, pursuant to 28 U.S.C. § 1915A(a) and (b). Costs to the defendant.

**IT IS SO ORDERED.**