DLD-197                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1331
_____

In re: TIMOTHY DOYLE YOUNG,
                                    Petitioner

_____

On a Petition for Writ of Mandamus

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 13, 2010
Before: FUENTES, JORDAN AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 1, 2010)
_____

OPINION
_____

PER CURIAM

      Timothy Doyle Young is housed in the custody of the United States Bureau of

Prisons ("BOP") at the "supermax" facility in Florence, Colorado.[1]  He is a "three-striker"

under the Prison Litigation Reform Act ("PLRA") and is thus barred from filing civil

suits *in forma pauperis* without first establishing a threat of imminent danger of serious

physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  Young filed the instant mandamus petition to

---

[1] "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." <u>Wilkinson v. Austin</u>, 545 U.S. 209, 213 (2005).

have this Court declare the following laws unconstitutional: the "finality clause" of the Judicial Conduct Act and three provisions of the PLRA, including its three-strikes provision.[2] Young has also moved for appointment of counsel, an "emergency ruling" on his mandamus petition, and "a stay of the dismissal of this case."

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Its "traditional use . . . has been 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re School Asbestos Litig., 977 F.2d 764, 773 (3d Cir. 1992) (citation omitted). As such, there should be some underlying, within-circuit district court proceeding or order being challenged by the mandamus petitioner. See Madden v. Myers, 102 F.3d 74, 76-77 (3d Cir. 1996) ("A writ of mandamus . . . constitutes a procedural mechanism through which a court of appeals reviews a carefully circumscribed and discrete category of district court orders."); see also Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004) ("The common-law writ of mandamus *against a lower court* is codified at 28 U.S.C. § 1651(a) . . . .") (emphasis added); Rodgers v. U.S. Steel Corp., 508 F.2d 152, 161 (3d Cir. 1975) ("The power to issue such writs in aid of our potential appellate jurisdiction comprehends our responsibility for the orderly and efficient administration of justice *within the circuit*.") (emphasis added).

_____

[2] Similar claims were improperly raised by Young in one of his recent habeas petitions. See Young v. United States, 2010 WL 1506545, *2 (D. Mass. April 12, 2010).

2

Here, there is no underlying district court proceeding or order in this circuit about which Young complains. In fact, it does not appear that Young has *ever* been a party in a legal action in this circuit prior to the mandamus petition at issue.[3] We have no power to issue writs with respect to a matter not within our jurisdiction. See Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam).

Accordingly, we will deny Young's mandamus petition. Young's pending motions are denied.

---

[3] This should not be read as an invitation, and we note that Young has worn out his welcome elsewhere. See Young v. United States, 88 Fed. Cl. 283, 291 (2009) ("The plaintiff continues to inundate the courts of the United States with his repetitive filings without waiting for a response from the courts. Mr. Young has made himself an example of the type of plaintiff Congress was trying to address when it enacted the [PLRA].")