**DLD-064**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3054
_____

In re:  TIMOTHY DOYLE YOUNG,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 3, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges


(Opinion filed: January 25, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Timothy Doyle Young is a longtime inmate of USP-Florence, a maximum security

prison in Colorado.  Though neither housed in this Circuit, nor currently litigating in this

Circuit, Young has filed a mandamus petition seeking from this Circuit an order "that

forces the DOJ to treat [his] chronic Hepatitis-infection."[1]  Young also asks that we

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] It appears that we are but the latest forum in which Young has shopped his request for

declare unconstitutional the Prison Litigation Reform Act ("PLRA") and various other statutes that purportedly "have prevented Due Process and access to the Courts."

Young's petition will be denied, largely for the same reason we denied the mandamus petition he filed in this Court almost nine years ago. See In re Young, 382 F. App'x 148, 149 (3d Cir. 2010) (per curiam) (concluding, inter alia, that "[w]e have no power to issue writs with respect to a matter not within our jurisdiction"). We conclude as well that Young has satisfied none of the criteria for mandamus relief. See generally Hollingsworth v. Perry, 558 U.S. 183 (2010) (per curiam) (requiring mandamus petitioner to show that (1) he has no other adequate means to get the relief he seeks; (2) his right to relief is clear and immune from dispute; and (3) mandamus relief is appropriate under the circumstances of his case).[2]

---

medical treatment. See, e.g., Young v. Sickler, 732 F. App'x 358, 359 (5th Cir. 2018) (per curiam) ("Young's claims regarding any denial of treatment of his Hepatitis C condition are not before us and would be properly pursued only in Colorado, where he is housed.").

[2] Young is advised that mandamus may not be used to circumvent the fee requirements of the PLRA. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), superseded in part by 3d Cir. L.A.R. 24.1(c) (2011) ("A litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act . . ..  It is the nature of the document, rather than the label attached by the litigant, that controls.").