R. Wayne JOHNSON, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 08–318 C.

United States Court of Federal Claims.

May 14, 2008.

---

R. Wayne Johnson, Amarillo, Texas, pro se.

No appearance entered on behalf of defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

Before the Court is plaintiff R. Wayne Johnson's complaint that seeks to initiate an action against several officials of the Department of Veterans Affairs for improper handling of Mr. Johnson's medical records.[1] Also before the Court are Mr. Johnson's motion for recusal and motion for an order requiring the U.S. Attorney to sue plaintiff for the amount of the filing fee, which plaintiff contends he cannot legally be required to pay. For the reasons discussed below, the Court *sua sponte* **DENIES** both of Mr. Johnson's pending motions and **ORDERS** Mr. Johnson to pay the $250 filing fee within 30 days or suffer dismissal of his complaint.

### BACKGROUND

The following facts are taken from plaintiff's complaint and motions. Plaintiff R. Wayne Johnson is a prisoner in the custody of the Texas Department of Criminal Justice. Complaint ¶ 2. He is incarcerated in the Clements Unit prison in Amarillo, Texas. Complaint at 8. The named defendants in Mr. Johnson's complaint[2] are R. James Nicholson, Joshua Blume, and Jerry Howard, who Mr. Johnson identifies as the Secretary of Veterans Affairs, the General Counsel of the Department of Veterans Affairs, and a "layman clerk" with the Department of Veterans Affairs. Complaint ¶ 3.

It appears from the complaint that, at some unidentified point in time, Mr. Johnson had a complaint with his veteran's benefits, and he appealed his dispute with the Department of Veterans Affairs at least up to the

---

1. It is not at all clear that the Court would have subject-matter jurisdiction to hear Mr. Johnson's claims. However, the Court need not reach that question *sua sponte* at this preliminary stage. While 28 U.S.C. § 1915(e)(2)(B) might otherwise require the Court to dismiss the action at this stage, that subsection is not applicable in light of section 1915(g), which renders all of section 1915 inapplicable to the present action. As for the mandatory review of plaintiff's complaint required by section 1915A, the Court is not prepared at this stage to say, without benefit of briefing, that plaintiff's complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1) (2000).

2. The failure to name the United States as the defendant violates Rule 10 of the Rules of the United States Court of Federal Claims ("RCFC"), which states that "the title of the action shall include the names of all the parties ..., the United States being designated as the party defendant...." But the Court is mindful that the pleadings of *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and the Court declines to dismiss plaintiff's complaint at this point for failure to name the United States as the defendant.

Board of Veterans' Appeals.[3] Complaint ¶ 6. During this dispute, it seems that Jerry W. Howard, an official with the Department of Veterans Affairs, sent Mr. Johnson a letter regarding the department's inability to release Mr. Johnson's medical records without Mr. Johnson's consent, because of "federal law governing [the] privacy and confidentiality of records in [the] custody of [the Department of] Vet[erans] Aff[airs]." Complaint ¶ 5.

Subsequently, Mr. Johnson filed a petition for a writ of mandamus with the United States District Court for the District of Columbia, asking that the court require the Department of Veterans Affairs to grant him the proper level of benefits. Complaint ¶ 8 (identifying the district court litigation as having docket number "07–818"). During that litigation, Mr. Johnson alleges, the Department of Veterans Affairs did disclose his medical records "to [the] U.S. Attorney" without first obtaining Mr. Johnson's consent. Complaint ¶ 8. Mr. Johnson alleges that this disclosure was unlawful, because it violated 38 U.S.C. § 7332 (2000) and 38 U.S.C. § 5701 (2000 & Supp. V 2005). Complaint ¶ 10.

Mr. Johnson alleges that his medical records were disclosed specifically to retaliate against him for petitioning the district court for a writ of mandamus, in violation of 18 U.S.C. § 241, which prohibits "conspir[acy] to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same." Complaint ¶ 9 (citing 18 U.S.C. § 241 (2000)). Additionally, Mr. Johnson alleges that the use of the United States mail to perpetrate this conspiracy "constitutes mail fraud" in violation of 18 U.S.C. § 1361. Complaint ¶ 11 (citing 18 U.S.C. § 1361 (2000)).

## DISCUSSION

Along with his complaint, Mr. Johnson filed two motions indicating his desire to proceed *in forma pauperis*. First, Mr. Johnson preemptively moved for recusal pursuant to 28 U.S.C. § 455 in the event the Court were to require him to pay a filing fee. Second, Mr. Johnson moved for an order requiring the U.S. Attorney to bring a garnishment suit to attach his inmate trust account before any filing fee was taken from that fund. In addition, Mr. Johnson's complaint contains a request that he be permitted to "proceed *in forma pauperis*," Complaint at 7, and his complaint was filed without payment of the required $250 filing fee.

■ Mr. Johnson failed to include with his complaint either the *in forma pauperis* affidavit required by 28 U.S.C. § 1915(a)(1) (2000) or the trust fund account statement required by 28 U.S.C. § 1915(a)(2) (2000). The Court may only "authorize the commencement ... of [Mr. Johnson's] suit ... without prepayment of fees or security therefor" if Mr. Johnson is "a person who submits an affidavit that includes a statement of all assets [he] possesses [and a statement that he] is unable to pay such fees or give security therefor" and if the affidavit "state[s] the nature of the action ... and [Mr. Johnson's] belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1). Because Mr. Johnson did not submit any affidavit meeting these requirements, he is not entitled to take advantage of the benefit of the *in forma pauperis* procedures set forth in 28 U.S.C. § 1915. Similarly, because Mr. Johnson is a prisoner within the definition set forth in 28 U.S.C. § 1915(h) (2000) ("any person incarcerated or detained in any facility who is ... convicted of ... violations of criminal law"), section 1915 also requires him to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Again, because Mr. Johnson failed to submit any such statement, he cannot be permitted to take advantage of

3. In fact, Mr. Johnson's complaint may have reached the Court of Appeals for Veterans Claims. His complaint is unclear, identifying the body somewhat cryptically only as "Ct Vet Appeals." Complaint ¶ 6.

the benefits of the *in forma pauperis* procedures.

Even if Mr. Johnson had included the appropriate filings with his complaint, he still would not be permitted to take advantage of section 1915:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States, that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2000). On at least two prior occasions, other courts of the United States[4] found that Mr. Johnson had already accumulated more than his three allowed strikes under section 1915(g).[5] *Johnson v. Whatley,* 73 Fed.Appx. 79, 2003 WL 21756655, at *1 (5th Cir. Jun.24, 2003); *Johnson v. Dep't of Veterans Affairs,* No. 07–0818(RBW), 2007 WL 2460593, at *1 (D.D.C. Aug.29, 2007). As in those decisions, Mr. Johnson here makes no assertion that he is in "imminent danger of serious physical injury," so section 1915(g) applies to preclude Mr. Johnson's reliance on section 1915.

In his motion for recusal if a filing fee is required and his motion for an order requiring a garnishment suit before money is taken from his inmate trust account, Mr. Johnson makes it very clear that he seeks a ruling that requiring filing fees to obtain access to the courts is unconstitutional. However, abundant precedent supports the constitutionality of filing fees. *See, e.g., United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (holding filing fees constitutional). Moreover, while the *in forma pauperis* statute exists to permit important claims to be brought before a court even by someone who lacks the means to pay the filing fee, the placement of limitations on prisoners' ability to avoid the filing fee requirement when they have abused the *in forma pauperis* procedures in the past has also been held to be constitutional. *See, e.g., Lewis v. Sullivan,* 279 F.3d 526 (7th Cir.2002) (holding 28 U.S.C. § 1915(g) constitutional); *cf. In re Sindram,* 498 U.S. 177, 179–80, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991) (placing prospective limits on a litigant's ability to make use of *in forma pauperis* procedures at United States Supreme Court because of his earlier abuse of those procedures). The Court thus declines Mr. Johnson's invitation to abrogate the filing fee and *in forma pauperis* requirements on the ground that they are unconstitutional.

Similarly, the Court finds no merit in Mr. Johnson's suggestion that a garnishment suit is necessary before he can pay the filing fee from his inmate trust account. If Mr. Johnson wishes to proceed with his claim, he can choose to pay the fee voluntarily. While his claim will not proceed unless and until he decides to pay the fee, the payment would be a voluntary act by Mr. Johnson, not an involuntary removal of funds from his trust account. While Mr. Johnson might be correct

---

**4.** While the Court of Federal Claims is not a "court of the United States" within the meaning of 28 U.S.C. § 451, it is considered a "court of the United States" for the limited purpose of making decisions relating to 28 U.S.C. § 1915. 28 U.S.C. § 2503(d) (2000) ("For the purpose of construing section[ ] ... 1915 ... of this title, the United States Court of Federal Claims shall be deemed to be a court of the United States.").

**5.** These facts do not appear from Mr. Johnson's filings in this case, but his filings did permit the Court to locate the prior opinions cited. Mr. Johnson's complaint contains the docket number of the district court litigation (07–818), and the litigation must have proceeded in either the U.S. District Court for the District of Columbia or the U.S. District Court for the Northern District of Texas, because the defendant was the Department of Veterans Affairs. Complaint ¶ 8 (stating docket number and defendant); 28 U.S.C. § 1391(e) (stating that proper venue for suit against "an agency of the United States" is the district where the defendant resides (here the D.C. District), the district where "a substantial part of the events or omissions giving rise to the claim occurred" (here almost certainly the D.C. District), or the district where the plaintiff resides (here the Northern District of Texas)). This information permitted the Court to locate the district court decision in which Mr. Johnson was denied *in forma pauperis* status under section 1915(g). The district court decision itself cited the Fifth Circuit decision that also denied Mr. Johnson *in forma pauperis* status.

that *Abdullah v. Texas*, 211 S.W.3d 938 (Tex. App.-Texarkana 2007), requires a garnishment suit before funds can be involuntarily removed from his trust account—an issue on which the Court expresses no opinion—that case dealt only with involuntary reimbursement of court costs, fees, and fines from an inmate trust account, not a decision by the inmate to voluntarily spend the funds necessary to initiate a lawsuit. The Court is unaware of any decision that imposes the requirement of a garnishment suit under such circumstances. Thus, Mr. Johnson is faced with a choice: either pay the filing fee and proceed with his complaint, or choose not to pay the filing fee and have his complaint dismissed. The Court sees no reason why the Government would be required to sue Mr. Johnson before the filing fee could be paid, and, as discussed above, Mr. Johnson's prior abuse of the *in forma pauperis* system has made it impossible for him to proceed in this court or any other court of the United States without paying a filing fee. Therefore, the Court **DENIES** Mr. Johnson's motion for an order requiring the U.S. Attorney to sue him for the filing fee (docket entry 3).

█ Finally, the Court sees no merit in Mr. Johnson's motion for recusal. This motion requests recusal if the Court requires Mr. Johnson to pay a filing fee. In support of the motion, Mr. Johnson argues that a requirement that he pay a filing fee would somehow "violate [the] 11th, 14th, [and] 1st [amendments]." Motion for Recusal at 1. Thus, Mr. Johnson argues, the Court's requiring a filing fee would demonstrate that "[t]he [C]ourt would, as a matter of law, [b]e legally [b]iased, [and] prejudice[d] for the defendant[ ]." *Id.* at 2. As discussed above, the requirement that filing fees be paid before access to the courts may be obtained has been held constitutional, and the provisions of 28 U.S.C. § 1915 that make prisoners who have previously abused the *in forma pauperis* procedures—like Mr. Johnson—ineligible to avoid filing fee requirements by invoking the *in forma pauperis* statute have likewise been held to be constitutional. The Court's requirement of a filing fee in this case is the result of a straightforward application of this court's rules and the *in forma pauperis* statute, not the result of any bias in favor of either party. The Court finds that its ruling that filing fee requirements are constitutional does not provide sufficient ground for any reasonable person to question the Court's impartiality. Because 28 U.S.C. § 455(a) requires recusal only when the Court's "impartiality might reasonably be questioned," the Court **DENIES** Mr. Johnson's motion for recusal (docket entry 4).

Because Mr. Johnson cannot invoke the *in forma pauperis* procedures and proceed without payment of a filing fee, his action can proceed only if he pays the filing fee. Mr. Johnson's complaint was received by the Court without any such fee having been paid. As a result, his complaint must be dismissed. However, the Court will stay the dismissal for 30 days to allow Mr. Johnson time to pay the filing fee. If he has not paid the fee by the end of the 30-day period, his complaint will stand dismissed.

### CONCLUSION

For the reasons set forth above, Mr. Johnson is required to pay the $250 filing fee to initiate a complaint in this court, and he has so far failed to do so. Therefore, the Court hereby **ORDERS** that Mr. Johnson pay the filing fee as directed by RCFC 77.1. The Court **FURTHER ORDERS** that, if payment is not received by the Clerk within 30 calendar days from the date of this Opinion and Order, Mr. Johnson's complaint will stand dismissed. Mr. Johnson's motion for an order requiring the U.S. Attorney to bring an action to garnish his inmate trust account for the amount of the filing fee (docket entry 3) and Mr. Johnson's motion for recusal (docket entry 4) are both **DENIED.**

**IT IS SO ORDERED.**