OPINION
PER CURIAM.
Appellant Michael Piskanin, a state prisoner, filed a civil rights complaint on July 13, 2009 in United States District Court for the Eastern District of Pennsylvania against the Lehigh County Court of Common Pleas and all of its judges, the state *277 supreme court and all of its justices, and others, alleging that his prosecution and conviction in Lehigh County at CCP 2072/2004 were the product of a retaliatory conspiracy. Attached to the Complaint, but not separately noted on the district court docket, was a three-page “Motion for Westfall and Other Relief Pending Due Process with Motion for Leave to Proce [sic ] In Forma Pauperis.” In this motion, Piskanin asserted that he was without sufficient funds to mail a copy of his certified account statement to the court and that part of his problem was due to the operation of Act 84.[1] Piskanin asked the District Court to take notice of the fact that he had been granted in forma pauperis status in four other civil actions, and grant him in forma pauperis status in the present action on that basis.
The District Court considered Piskanin’s motion to proceed in forma pauperis and denied it without prejudice in an order filed on July 23, 2009 on the ground that he failed to provide sufficient financial information for the court to determine his ability to pay the filing fee, and because he failed to file a certified copy of his inmate account statement as required by 28 U.S.C. § 1915(a)(2). The District Court gave Piskanin 30 days to cure these defects. In response, Piskanin filed two Department of Corrections inmate account statements covering his transactions at the prison from July 3, 2008 through April 9, 2009, and indicating a balance of -$21.58 on April 9, 2009, and what appears to be his personal account statement covering transactions at the prison from July 1, 2009 through August 3, 2009, indicating that his balance had fallen to -$65.73. In addition, he filed a Certification from an Authorized Prison Official in which the certifying official noted that Piskanin had a balance in his inmate account of -$65.73.
In an order entered on August 26, 2009, the District Court denied Piskanin’s motion to proceed in forma pauperis without prejudice to “his right to file a new civil action in which he complies with all applicable filing requirements.” In a footnote, the District Court concluded that Piska-nin’s response to the court’s July 23, 2009 order was inadequate because he filed only a partial account statement and he failed to file a new motion to proceed in forma pauperis.
Piskanin appeals. Our Clerk granted him leave to appeal informa pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Piskanin filed in this Court an “emergency motion for relief to preserve the status quo” prior to the Clerk’s Order granting him informa pauperis status.
We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. We have jurisdiction under 28 U.S.C. § 1291. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir.2001) (if plaintiff cannot cure defects or declares his intention to stand on motion, order dismissing without prejudice is ap-pealable); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir.1976) (same). We review the denial of a motion to proceed in forma pauperis for abuse of discretion. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43 (1948); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir.1983).
*278 The in forma pauperis statute provides that the District Court may authorize the commencement of a civil action without prepayment of fees “by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees....” 28 U.S.C. § 1915(a)(1). In addition to submitting this affidavit of poverty, a “prisoner seeking to bring a civil action ... without prepayment of fees ... shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined.” Id. at § 1915(a)(2).
The in forma pauperis statute does not authorize the District Court to “take judicial notice” of prior grants of pauper status. Each new lawsuit filed requires an up-to-date affidavit of poverty and inmate account statement for the 6-month period immediately preceding the filing of the complaint. Although Piskanin supplied his current inmate account balance, the statute required him to provide an inmate account statement covering the six-month period from January 13, 2009 to July 13, 2009. He supplied no account information for the period from April 9, 2009 to July 1, 2009. Even if we concluded that the inmate account statements he submitted were substantially complete, Piskanin’s motion to proceed in forma pauperis did not contain the required affidavit of poverty identifying all of his assets. There thus was no way for the District Court to determine whether he is currently financially eligible to proceed without prepayment of the fees, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir.1976). Having filed by his own admission four prior civil actions, Piskanin is charged with knowing what forms are required and how to request an Application to Proceed In Forma Pauperis from the Clerk of Court.
For the foregoing reasons, we will summarily affirm the order of the District Court denying the application to proceed in forma pauperis. Appellant’s Emergency Motion for Relief to Preserve the Status Quo is denied.

. Act 84 authorizes the Pennsylvania Department of Corrections to make deductions from an inmate’s account for the purpose of collecting costs, fines and restitution or other court-ordered obligations associated with the inmate's prosecution. See Sweatt v. Dep’t of Corrections, 769 A.2d 574 (Pa.Commw.Ct.2001).