**Rudolph RESENDEZ Jr., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 10–532C.

United States Court of Federal Claims.

Dec. 17, 2010.

Rudolph Resendez, Jr., Kenedy, TX, pro se.

John S. Groat, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs was Brian M. Simkin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

Plaintiff, Rudolph Resendez, Jr., is an inmate confined by the Texas Department of Criminal Justice, Correctional Institutions Division. In a complaint filed with this court on August 9, 2010, Mr. Resendez requests that this court review decisions of the United States District Courts for the Eastern District of Texas and for the Southern District of Texas, and the United States Court of

Appeals for the Fifth Circuit, each of which have denied Mr. Resendez relief either on a petition for a writ of habeas corpus or suits Mr. Resendez has filed under 42 U.S.C. § 1983. Compl. at 4–6. Mr. Resendez does not seek money damages; rather, he requests that this court order the State of Texas to release him. *Id.* at 28. Mr. Resendez did not pay the filing fee when he submitted his complaint but instead filed an application to proceed *in forma pauperis.* The government has submitted a response requesting that the court deny Mr. Resendez's application because: (1) Mr. Resendez has accrued "three strikes" within the meaning of 28 U.S.C. § 1915(g) such that he is precluded from proceeding *in forma pauperis* pursuant to that statute and (2) Mr. Resendez has not submitted a certified copy of his prison trust account statement as required by 28 U.S.C. § 1915(a)(2). Def.'s Opp'n at 3–5. Mr. Resendez has additionally filed a motion to appoint counsel to which the government has not responded.

## BACKGROUND

Following his incarceration in a Texas prison in 1999, Mr. Resendez filed a number of actions and appeals in the federal district courts and the United States Court of Appeals for the Fifth Circuit. *See, e.g., Resendez v. White, et al.,* No. H–06–1435 (S.D.Tex. May 23, 2006), *aff'd Resendez v. City of Houston, et al.,* 258 Fed.Appx. 635 (5th Cir. 2007) (affirming the district court's dismissal of plaintiff's complaint made under 42 U.S.C. § 1983 for untimely nature of claims and because claims lacked an arguable basis in law); *Resendez v. Smith,* No. 05–759, 2007 WL 869565 (E.D.Tex. Mar. 21, 2007) (memorandum order overruling plaintiff's objections and adopting the magistrate judge's report and recommendation, which had concluded that plaintiff's claims made under 42 U.S.C. § 1983 had no arguable basis in law or fact and failed to state a claim upon which relief might be granted); *Resendez v. Dretke,* No. H–03–2973 (S.D.Tex. Sept. 6, 2004) (order denying plaintiff's petition for habeas corpus brought under 28 U.S.C. § 2254 because plaintiff's various claims lacked merit or were procedurally barred), *aff'd,* No. 04–20791 (5th Cir. Apr. 29, 2005), *cert. denied,* 546 U.S. 963,

126 S.Ct. 482, 163 L.Ed.2d 367 (2005); *see also* Compl. at 4–6 (describing cases filed by Mr. Resendez after his incarceration).

The core of Mr. Resendez's present claim appears to be his contention that he is wrongfully imprisoned because: (1) the charges for which he is currently incarcerated were previously "[d]ismissed in the 248th Judicial District Court of Harris County, Texas in 1994[,]" Compl. at 10 (emphasis omitted), (2) Mr. Resendez was "[l]ega[l]ly [a]cquitted" in the jury trial that produced the conviction for which he is currently imprisoned because he could not be "legal[l]y [t]ried on the [i]ndict[me]nt," *id.* at 13, and (3) Mr. Resendez's appearance as a tentative witness at the trial of Mr. Richard Trevino allowed the State of Texas to "fabricate" the case against Mr. Resendez and "illegally send him to prison[,]" *id.* at 21–22. Mr. Resendez claims that the denial of his appeals and subsequent civil suits has "violated [his] civil and constitutional … rights." *Id.* at 6. He brings the current complaint "for deprivation of rights" under 18 U.S.C. § 241 and 18 U.S.C. § 1002, *id.* at 6, which provide criminal sanctions upon conviction for conspiracy against rights and possession of false papers to defraud the United States, respectively.

Mr. Resendez avers also that the State of Texas, the Southern District of Texas, the Fifth Circuit, and the United States have engaged in "outrageous misconduct" by refusing to grant a certificate of appealability to Mr. Resendez thereby preventing him from proceeding in his appeals. Compl. at 7–8. Mr. Resendez contends that the above-mentioned governmental entities have instituted proceedings against him and refused his various suits and appeals in an attempt to deceive him and "conceal [e]mbarrassing judicial misconduct." *Id.* at 2 (emphasis omitted); *see id.* at 7–8. He additionally claims that he is a victim of a malicious prosecution by the United States of America and the State of Texas. *Id.* at 6.

## ANALYSIS

### A. Relevance of the Prison Litigation Reform Act

The application to proceed *in forma pauperis* filed by Mr. Resendez is subject to the

provisions of the Prison Litigation Reform Act. That Act, enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, § 804, 110 Stat. 1321, 1321–66, 1321–73 (codified at 28 U.S.C. § 1915), provides "a special form of filing *in forma pauperis* for prisoners." *Dudley v. United States,* 61 Fed.Cl. 685, 686 (2004). If a prisoner cannot pay the filing fee immediately upon submission of a complaint, the Act allows partial payment of any court fees established by law, with required subsequent installment payments made from the prisoner's account established with his or her custodian. *See* 28 U.S.C. § 1915(b). The Act also establishes the requirement that once a prisoner has filed three actions that have been dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief may be granted, the prisoner must pay the entire filing fee when the prisoner initiates the action. *See* 28 U.S.C. § 1915(g); *Brown v. United States,* 88 Fed.Cl. 795, 798 (2009).[1] This "three strikes" provision was adopted by Congress as a procedural mechanism to address the large numbers of suits filed in federal courts by prisoners. *See Jones v. Bock,* 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

1. *Three strikes.*

█ The government correctly points to the Southern District of Texas's dismissal of plaintiff's complaint made under 42 U.S.C. § 1983 and the Eastern District of Texas's dismissal of plaintiff's claims made also under 42 U.S.C. § 1983 as constituting two "strikes" for the purposes of 28 U.S.C. § 1915(g). *See Resendez v. White, et al.,* No. H–06–1435, at 5, 6 (S.D.Tex. May 23, 2006) (concluding that plaintiff's claims were "legal-

ly frivolous" and "lack[ed] an arguable basis in law"); *Resendez v. Smith,* No. 05–759, 2007 WL 869565, at *3 (E.D.Tex. Mar. 21, 2007) (adopting the magistrate judge's finding that plaintiff's claims "fail[ed] to state a claim upon which relief may be granted" and were "frivolous").[2] However, the government does not argue that Mr. Resendez's failed habeas petition under 28 U.S.C. § 2254 filed in the Southern District of Texas should be counted as a "strike" under the Act. *See* Def.'s Opp'n at 3–5. This posture on the part of the government is presumably due to *Carson v. Johnson,* 112 F.3d 818, 819–20 (5th Cir.1997), a decision holding that denied petitions for habeas corpus brought under 28 U.S.C. § 2254 may not be counted as "a civil action" for purposes of the Prison Litigation Reform Act. The government does urge the court to find that the Fifth Circuit's decision affirming the Southern District of Texas's dismissal of Mr. Resendez's claim under 42 U.S.C. § 1983 as frivolous constitutes the third strike. Def.'s Opp'n at 4–5. Under the law of the Fifth Circuit, however, it appears that a court of appeals's affirmance of a district court's dismissal of a claim as frivolous does not itself constitute an additional "strike" for the purposes of the Act, unless the appeal is dismissed as frivolous as well. *See Adepegba,* 103 F.3d at 387; *see also Solis v. Harwell,* 193 F.3d 519, 1999 WL 707869, at *1 (5th Cir.1999); *Cotton v. Fordice,* 136 F.3d 1329, 1998 WL 44547, at *1 (5th Cir. 1998). Erring on the side of caution, the court will not count the Fifth Circuit's affirmance as a "strike" under the Act. Mr. Resendez's motion for leave to proceed *in forma pauperis* thus is not subject to the three-strikes provision of the Prison Litigation Reform Act. It does face other impediments, however.

---

1. The pertinent provision provides, in full:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   28 U.S.C. § 1915(g).

2. It appears that Mr. Resendez appealed the Eastern District of Texas's ruling but such appeal was dismissed as of August 24, 2007 for failure of the plaintiff timely to pay the docketing fee. The district court's disposition can accordingly be counted as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir.1996) ("A dismissal should not count against a petitioner until he has exhausted or waived his appeals.").

### 2. A trust fund account statement.

Under 28 U.S.C. § 1915(a)(2), Mr. Resendez was required to "submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6–month period immediately preceding filing of the complaint . . . obtained from the appropriate official of each prison at which [he] is or was confined."[3] The requirements of Section 1915(a)(2) are reflected in the "Application to Proceed *In Forma Pauperis*" employed by the federal district courts in Texas, which Mr. Resendez used to request leave to proceed *in forma pauperis* from this court. Specifically, the form states, in bold and capitalized print, that a prisoner *"must* attach a current six (6) month history of [his] inmate trust account" and notifies the prisoner that he "can acquire the appropriate inmate account certificate from the law library at [his] prison unit." Pl.'s Application at 2 (emphasis in original).

In his application to proceed *in forma pauperis*, Mr. Resendez avers that he has two hundred dollars in an inmate trust fund account, but he has failed to attach to his application a certified copy of the account statement or indeed any document at all that might qualify as an institutional equivalent. *See Hall v. United States*, 91 Fed.Cl. 762, 768 n. 7 (2010) (accepting account statement printed from the internet as "institutional equivalent"). Having filed applications to proceed *in forma pauperis* in the past, *see, e.g., Resendez v. White, et al.*, No. H–06–1435 (S.D.Tex. May 23, 2006); *Resendez v. Smith*, No. 05–759, 2007 WL 869565 (E.D.Tex. Mar. 21, 2007), Mr. Resendez is "charged with knowing what forms are required." *Piskanin v. Court of Common Pleas of Lehigh*

*Cnty. and all of its Judges*, 359 Fed.Appx. 276, 278 (3d Cir.2009). This defect in Mr. Resendez's application constitutes a ground to dismiss Mr. Resendez's complaint for failure to pay the requisite filing fee. *See, e.g., Johnson v. United States*, 82 Fed.Cl. 150, 152–53 (2008). In addition, even if Mr. Resendez had complied with the requirements of 28 U.S.C. § 1915(a)(2), he would face yet a further obstacle.

### B. Screening Under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)

Under both 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the court is obligated to screen Mr. Resendez's complaint "prior to, and irrespective of, any dispositive motion filed by a defendant." *Corley v. United States Parole Comm'n*, 709 F.Supp.2d 1, 6 (D.D.C.2009). This preliminary judicial screening is required because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Section 1915A of title 28 requires that the court dismiss a case filed by a prisoner who is seeking redress "from a governmental entity or officer or employee of a governmental entity" if the court determines that the complaint or any portion of the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted."[4] Similarly, 28 U.S.C. § 1915(e)(2) provides that a court must screen the complaint of a plaintiff proceeding *in forma pauperis* and "dismiss the case at any time if the court determines that . . . the action or appeal is frivolous or

---

**3.** The pertinent provision provides, in full:

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

**4.** The quoted provision provides, in full:

(a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

... fails to state a claim on which relief may be granted."[5]

The Supreme Court explained the general tenor of a "frivolous" claim in *Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. The Court indicated that "a complaint ... is frivolous where it lacks an arguable basis either in law or fact." *Id.* at 325, 109 S.Ct. 1827; *id.* (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Thus, the court must dismiss claims that are "based on an indisputably meritless legal theory" and "claims whose factual contentions are clearly baseless." *Id.* at 327, 109 S.Ct. 1827. The latter category includes "claims describing fantastic or delusional scenarios." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke*, 490 U.S. at 328, 109 S.Ct. 1827); *see also Akinro v. United States*, 91 Fed.Cl. 650, 657 (2010). "Although courts should exercise caution in dismissing a case [for frivolousness] ... a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Young v. United States*, 88 Fed.Cl. 283, 291–92 (2009) (quoting *Denton*, 504 U.S. at 33, 112 S.Ct. 1728) (internal quotation omitted). "An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely." *McCullough v. United States*, 76 Fed.Cl. 1, 3 (2006) (quoting *Denton*, 504 U.S. at 33, 112 S.Ct. 1728).

Mr. Resendez's claims resuscitate accusations which have been exhaustively addressed and dismissed as factually and legally frivolous in prior suits he has filed in federal district courts. *See, e.g., Resendez v. White, et al.*, No. H–06–1435, at 2, 5 (S.D.Tex. May 23, 2006) (dismissing Mr. Resendez's claim that various governmental officials "fabricate[d] charges [against him],

thereby preventing his release from jail" as " 'legally frivolous' within the meaning of sections 1915(e)(2) and 1915A(b)"); *Resendez v. Smith*, No. 05–759, 2007 WL 869565, at *2, *3 (E.D.Tex. Mar. 21, 2007) (dismissing as having "no arguable basis in law or fact" and as "frivolous" Mr. Resendez's claim that he was not convicted of the crime for which he is imprisoned); *Resendez v. Dretke*, No. H–03–2973, at 52–55 (S.D.Tex. Sept. 6, 2004) (finding no merit in Mr. Resendez's claims that the alleged 1994 "dismissal" of similar allegations in state court precluded his conviction and that his appearance at the trial of Mr. Trevino led to his conviction).

Mr. Resendez's claims appear to be rooted in "a fixed, false belief," *Corley*, 709 F.Supp.2d. at 6, that his imprisonment is a product of a conspiracy between various agents of the State of Texas and the federal government, all of whom, at various points, colluded to either fabricate or affirm the charges against him in an effort to conceal governmental misconduct. *See Neitzke*, 490 U.S. at 325, 109 S.Ct. 1827 ("Frivolous" claims include "fanciful factual allegation[s]."). Further detracting from Mr. Resendez's claims is his contention that he brings his current suit pursuant to 18 U.S.C. § 241 and 18 U.S.C. § 1002, *see* Compl. at 6, both of which are criminal statutes and neither of which could possibly support Mr. Resendez's claims or any suit by a plaintiff in this court. *See Matthews v. United States*, 72 Fed.Cl. 274, 282 (2006) ("This court lacks jurisdiction to adjudicate criminal claims.") (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994)).

In short, although "[t]he Court of Federal Claims holds pleadings of a *pro se* plaintiff to less stringent standards than litigants represented by counsel[,]" *Hall*, 91 Fed.Cl. at 769 (citation omitted), after reviewing Mr. Resendez's complaint, the court concludes that his claims do not pass the threshold screening

---

5. The cited provision provides, in full:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

test that 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) require. *See, e.g. Troxelle v. United States*, 2010 WL 3982349, at *5 (Fed. Cl. Oct. 6, 2010) (dismissing as frivolous plaintiff's claim that contained "a faulty legal conclusion and fanciful factual allegations"); *Akinro*, 91 Fed.Cl. at 658 (dismissing plaintiff's claim based in part on the frivolous nature of allegations); *Mendes v. United States*, 88 Fed.Cl. 759, 762 (2009) (dismissing plaintiff's claims for frivolousness and lack of jurisdiction).

## CONCLUSION

For the reasons stated, Mr. Resendez's application to proceed *in forma pauperis* is DENIED. In addition, Mr. Resendez's motion for appointment of counsel is DENIED as moot.[6] Because Mr. Resendez has not paid the pertinent filing fee and his claims are frivolous, his complaint shall be dismissed. The clerk shall enter judgment in accord with this decision.

It is so ORDERED.

---

**6.** Additionally, because this court entertains only civil actions, it may cause counsel to be appointed for an indigent plaintiff only in extraordinary circumstances. *See Washington v. United States*, 93 Fed.Cl. 706, 708–09 (2010) (applying *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), and *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (plurality)).