# In the United States Court of Federal Claims

No. 13-31C

(Filed: April 29, 2013)

(**NOT TO BE PUBLISHED**)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **ROBERT DAVID NEAL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Robert David Neal, *pro se*, Terre Haute, IN.

Shari A. Rose, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Robert David Neal, who also uses the alias David J. Nelson, requests monetary relief from the government in the amount of $10 million for the claimed breach of an express contract in which Mr. Neal allegedly appointed a government agency to act as a fiduciary for a financial transaction.[1] Pending before the court is the government's motion to dismiss for lack of

---

[1]Mr. Neal is imprisoned in a federal facility in Terre Haute, Indiana. *Cf. United States v. Neal*, 294 Fed. Appx. 96 (5th Cir. 2008) (affirming Mr. Neal's sentence for wire fraud, respecting which he was ordered to be incarcerated for a 327-month term in federal prison).

Recently, Mr. Neal has filed more than ten civil actions either under his legal name or his alias. *See, e.g., Neal v. United States*, No. 12-915C, 2013 WL 1715779 (Fed. Cl. Apr. 19, 2013); *Neal v. United States*, No. 12-368, 2012 WL 5995670 (Fed. Cl. Nov. 28, 2012); *Nelson v. United States*, No. 11-465C, 2012 WL 5870711 (Fed. Cl. Nov. 19, 2012); *Neal v. Neal*, No 1:11-MC-12-TWP-TAB, 2011 WL 3273149 (S.D. Ind. July 28, 2011)); *Neal v. Oliver*, No. 2:12-cv-00187-WTL-MJD (S.D. Ind.); *see also* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2.

1

subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), respectively.

## BACKGROUND[2]

Mr. Neal claims that in 2012, he entered into an express contract with then-Secretary of the Treasury Timothy Geithner. Compl. ¶ 3. Mr. Neal alleges he appointed the Treasury Secretary as his fiduciary to conduct a transaction involving a $10 million bill of exchange, "an obligation of the United States." Compl., Ex. 1 at 2. According to Mr. Neal's submissions, a person named David J. Nelson ordered this bill of exchange to be paid to Fidelity Investments Co. to "effect the release of [a] lien believed to be held by Fidelity" against a trust belonging to Mr. Neal. *Id.* at 1 (Letter from David Nelson to Timothy Geitner (Nov. 23, 2012)). Mr. Neal claims that the Secretary accepted "this appointment as his fiduciary without protest or notice otherwise" but failed to perform within the 31-day time constraint set forth in the fiduciary assignment, thus breaching the alleged contract. Compl. ¶¶ 3-7.

Mr. Neal filed this suit on January 14, 2013 against then-Secretary Geithner, *see* Compl., and amended his complaint on March 7, 2013 "to reflect the proper defendant herein to be the 'United States.'" Am. Compl. ¶ 2.

## ANALYSIS

### A. *Jurisdiction*

"[A] 'court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997))). In considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)). When the court's subject matter jurisdiction has been called into question by a motion filed under RCFC 12(b)(1), however, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), and this burden is not satisfied until proven by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)).

Under the Tucker Act, this court has subject matter jurisdiction over claims founded "upon any express . . . contract with the United States." 28 U.S.C. § 1491(a)(1). A well-pleaded

---

[2]This statement of the circumstances relating to Mr. Neal's claim is taken from the parties' submissions and does not include any findings of fact.

allegation of an express contract suffices for jurisdictional purposes and will not be dismissed pursuant to RCFC 12(b)(1).  *See Bank of Guam v. United States,* 578 F.3d 1318, 1325 (Fed. Cir. 2009) (citing *Trauma Serv. Grp. v. United States,* 104 F.3d 1321, 1325 (Fed. Cir. 1997)); *see also Sheppard v. United States*, 11-295C, 2011 WL 6370078, at *4 (Fed. Cl. Dec. 20, 2011) (refusing to dismiss for lack of subject matter jurisdiction a plaintiff's claim stemming from an alleged contract and instead dismissing the case for failure to state a claim because the plaintiff failed to allege facts sufficient to establish that contract).  Because Mr. Neal's amended complaint alleges the existence of an express contract between himself and the government, the court ostensibly possesses subject matter jurisdiction and will not dismiss Mr. Neal's claim under RCFC 12(b)(1).

The government alternatively contends that Mr. Neal's complaint should be dismissed under RCFC 12(b)(6) because "it does not allege a valid contract."  Def.'s Mot. at 5.  A complaint must be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  *Grayton v. United States*, 92 Fed. Cl. 327, 331 (2010) (quoting *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002)).  While "the allegations of the complaint should be construed favorably to the pleader," *id.* (quoting *Scheuer*, 416 U.S. at 236), "[t]he court must also inquire whether the complaint meets the 'plausibility standard' . . . , *i.e.,* whether it adequately states a claim and provides a 'showing [of] any set of facts consistent with the allegations in the complaint,'" *id.* at 331-32 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)).  The factual allegations must be enough to raise a right to relief above the speculative level.  *Bank of Guam*, 578 F.3d at 1326 (citing *Twombly*, 550 U.S. at 555).

To allege an express contract with the United States, a plaintiff "must show a mutual intent to contract[,] including an offer, an acceptance, and consideration."  *Trauma Serv. Grp.*, 104 F.3d at 1325.  A "contract with the United States also requires that the [g]overnment representative who entered or ratified the agreement had actual authority to bind [the government]."  *Id.*  At best, Mr. Neal's complaint alleges that some employee of the government received his offer to contract.  *See* Compl. ¶ 5.  The complaint does not demonstrate any intent on the part of the government to accept his offer and thus form a contract.  As such, Mr. Neal has failed to allege the existence of an enforceable contract with the government, and he consequently has failed to state a claim on which relief can be granted.

B.  *Application to Proceed* In Forma Pauperis

Contemporaneously with filing his complaint, Mr. Neal submitted a motion for leave to proceed *in forma pauperis.*  In its motion to dismiss, the government also asks this court to deny Mr. Neal's application to proceed *in forma pauperis*, citing a provision of the Prison Litigation Reform Act ("the Act")[3] that requires a prisoner to pay the entire filing fee for an action upon its initiation if he has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

_____

[3]The Act was enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, 1321-66, 1321-73 (codified at 28 U.S.C. §§ 1915-1915A).

Def.'s Mot. at 2 n.2 (citing 28 U.S.C. § 1915(g)). The Act contains an exception, not applicable here, for times when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The "three strikes" provision of the Prison Litigation Reform Act was adopted by Congress as a means of addressing the many suits filed in federal courts by prisoners. *See Resendez v. United States*, 96 Fed. Cl. 283, 285 (2010).

Because Mr. Neal is a prisoner, the Act applies. Consequently, the court is obliged to screen the complaint "as soon as practicable after docketing." 28 U.S.C. § 1915A(a); *see Resendez*, 96 Fed. Cl. at 286. If, upon carrying out that function, the court finds the complaint, or any portion thereof, "is frivolous, malicious, or fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), the court should dismiss a prisoner's suit that seeks redress "from a governmental entity or officer or employee of a governmental entity," 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the court to dismiss actions that are frivolous, malicious, or fail to state a claim upon which relief may be granted when a prisoner proceeds *in forma pauperis*).

The Supreme Court has attempted to define what constitutes a frivolous claim, stating that the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, a court is required to dismiss claims "based on an indisputably meritless legal theory," as well as "claims whose factual contentions are clearly baseless," including "claims describing fantastic or delusional scenarios." *Id.* at 327-28; *see also Resendez*, 96 Fed. Cl. at 287; *Akinro v. United States*, 91 Fed. Cl. 650, 657 (2010). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Young v. United States*, 88 Fed. Cl. 283, 291-92 (2009) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). However, the court must exercise caution, and cannot dismiss an *in forma pauperis* complaint "simply because the court finds the plaintiff's allegations unlikely." *McCullough v. United States*, 76 Fed. Cl. 1, 3 (2006) (quoting *Denton*, 504 U.S. at 33).

Mr. Neal has an extensive record of bringing claims concerning purported agreements involving himself, his alias, Mr. Nelson, and exorbitant sums of money supposedly passed between the two that now have fallen under control of the United States. *See, e.g., Neal*, 2012 WL 5995670; *Nelson*, 2012 WL 5870711; *Neal v. Banks*, No. CV 10-5213 DSF(JC), 2010 WL 3629534 (C.D. Cal. Aug. 5, 2010). Mr. Neal and Mr. Nelson are, in fact, the same person, and therefore any notion of a contract between the two fails because it is impossible that a person could contract with himself as an individual. Moreover, the claims raised by Mr. Neal in this instance bear a remarkable similarity to allegations made in an action in this court filed by another prisoner incarcerated in the same federal prison as Mr. Neal, and the complaint in that case was witnessed by a D. J. Nelson. *See* Compl., *Taylor v. United States*, No. 13-112C, 2013 WL 1094818 (Fed. Cl. Mar. 18, 2013). In short, Mr. Neal has fabricated a fictional and fantastic narrative, the framework of which he has passed on to others to replicate. As such, the court concludes that Mr. Neal's claim is frivolous.

In asking that Mr. Neal's application to proceed *in forma pauperis* be denied, the government cites to *Neal*, 2012 WL 5995670, and *Nelson*, 2012 WL 5870711, in support of its

4

request. Def.'s Mot. at 2 n.2. The government's suggestion is inapt. Both cited cases were dismissed under RCFC 12(b)(1) for lack of jurisdiction, not for any of the grounds enumerated in the Act. As such, they do not count as "strikes" within the meaning of the Act.[4] The government also argues that the court should count as a strike an order entered by the District Court for the Central District of California. *Id.* That order adopted a magistrate judge's recommendation that Mr. Neal's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be denied for failure to state a claim and frivolousness. *See Neal v. Banks*, No. CV 10-5213 DSF(JC), 2010 WL 3666715 (C.D. Cal. Sept. 13, 2010) (adopting the recommendation made in *Neal v. Banks*, 2010 WL 3629534). The Ninth Circuit has held, however, that "dismissed habeas petitions do not count as strikes under § 1915(g)," unless they are "little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g)." *Andrews v. King*, 398 F.3d 1113, 1122 & n.12 (9th Cir. 2005). In the circumstances of Mr. Neal's case in the Central District of California, although the district court determined that his claim was frivolous, there is no evidence to suggest that Mr. Neal knew of the exception for habeas writs at the time he filed his complaint, nor that he styled his challenge as a habeas petition in an effort to avoid the three-strikes provision of § 1915(g). Although Mr. Neal now assuredly possesses knowledge of this exception, a factor that should be considered if future habeas petitions are dismissed for failure to state a claim or frivolousness, the court declines to find the district court's dismissal of his habeas petition in 2010 to be a strike for the purposes of § 1915(g). The dismissal of this action for frivolousness and failure to state a claim certainly counts as a strike under the Act, but the court will not deny Mr. Neal's application to proceed *in forma pauperis* because he arguably has not yet accumulated the requisite three strikes that would bar him from proceeding in that way.[5]

Because of Mr. Neal's history and practice of filing false claims with attendant forged documents in this and other federal courts, the Chief Judge of this court several weeks ago ordered the clerk to reject any future complaints by Mr. Neal absent prior approval by the court. *See In Re Neal* (Fed. Cl. Apr. 10, 2013).

---

[4]A very recent decision, *Neal v. United States*, 2013 WL 1715779, rendered after the government filed its motion to dismiss, also dismisses a case brought in this court by Mr. Neal for lack of jurisdiction. In that case, Mr. Neal sought damages under 28 U.S.C. § 1495 for unjust imprisonment. In addressing the jurisdictional basis for Mr. Neal's complaint in that case, the court determined that he had submitted false and fraudulent documents purporting to support his claim. The court accordingly concluded that Mr. Neal's claim in that case was both frivolous and an abuse of the judicial system. *Id.*

[5]Mr. Neal's application for leave to proceed *in forma pauperis* is accordingly GRANTED.

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED under RCFC 12(b)(6) because the plaintiff's claim is frivolous and because plaintiff did not state a claim upon which relief could be granted. The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge